UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON LUMINANCE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR PATENT**
**INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") files this complaint for patent infringement against Feit Electric Company, Inc. ("Feit" or "Defendant") and states as follows:

**THE PARTIES**

1. Plaintiff Lexington Luminance LLC is a limited liability corporation organized under the laws of Massachusetts with its principal place of business at 468 Lowell Street, Lexington, Massachusetts 02420.

2. Upon information and belief, Defendant Feit Electric Company, Inc. is a corporation organized under the laws of California with its principal place of business at 4901 Gregg Road, Pico Rivera, CA 90660.  Feit has appointed Aaron Feit as its agent for service of process, and such agent may be served at 4901 Gregg Road, Pico Rivera, CA 90660.

3. Upon information and belief, Feit manufactures for sale and/or sells lighting products to consumers in the United States and, more particularly, in the District of Massachusetts.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

5. Venue is proper in the District of Massachusetts under 28 U.S.C. §§1391 and 1400(b).

6. This Court has personal jurisdiction over the Defendant. Defendant has conducted and does conduct business within the Commonwealth of Massachusetts. Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products in the United States, the Commonwealth of Massachusetts, and the District of Massachusetts. Defendant purposefully and voluntarily sold one or more of its infringing products with the expectation that they will be purchased by consumers in the District of Massachusetts. These infringing products have been and continue to be purchased by consumers in the District of Massachusetts. Defendants have committed acts of patent infringement within the United States and, more particularly, within the District of Massachusetts.

**COUNT 1**
**PATENT INFRINGEMENT**

7. Lexington incorporates by reference paragraphs 1-6 as if fully set forth herein.

8. On August 30, 2005, United States Patent No. 6,936,851 ("the '851 patent") entitled "Semiconductor Light-Emitting Device and Method for Manufacturing Same" was duly and legally issued after full and fair examination. Lexington is the owner of all right, title, and interest in and to the '851 patent by assignment, with full right to bring suit to enforce the patent,

including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '851 patent is attached hereto as Exhibit A.

9. The '851 patent is valid and enforceable.

10. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '851 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '851 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendant.

11. Upon information and belief, Defendant has infringed and/or continues to infringe the '851 patent.  Defendant is liable for direct infringement, either literally or under the doctrine of equivalents, as well as indirect infringement by way of inducement and/or contributory infringement of the '851 patent pursuant to 35 U.S.C. §271 (a), (b), (c), (f), and/or (g). Specifically, Defendant's foregoing acts of infringement include infringement by making, using, selling, or offering for sale in or importing into the United States Light Emitting Diode ("LED") devices used for lighting applications, including, without limitation, at least the following products: Feit 7.5-watt A19 LED Light Bulb, Utilitech Pro 7.5-watt LED Light Bulb Model LA19D/LED, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '851 patent in substantially the same way to achieve the same result.

12. Upon information and belief, Defendant has been and is continuing to induce infringement of the '851 patent under 35 U.S.C. §271(b) and contributes to infringement of the '851 patent under 35 U.S.C. §271(c), in conjunction with such acts of making using, offering for

sale, and/or importing into the United States, without authority, instrumentalities that fall within the scope of one or more claims of the '851 patents. Such infringement occurs directly by the distributors, retailers, resellers, customers, users and/or licensees of the infringing instrumentalities. The infringing instrumentalities have no substantial non-infringing uses.

13. Defendant has at no time, either expressly or impliedly, licensed the '851 patent.

14. Defendant's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the wrongful acts of Defendant in an amount subject to proof at trial. Defendant's infringement of Plaintiff's rights under the '851 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy of law, unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment that:

1. Defendant has infringed the '851 patent.

2. Plaintiff recover actual damages under 35 U.S.C. § 284;

3. Plaintiff be awarded supplemental damages for any continuing post-verdict infringement up until final judgment;

4. An accounting of damages;

5. A judgment and order requiring Defendant to pay to Plaintiff pre-judgment and post-judgment interest on the damages awarded, including an award of pre-judgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '851 patent by Defendant to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

6. Plaintiff be awarded enhanced damages for willful infringement as permitted under the law;

7. A judgment and order that Defendant, their agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '851 patent;

8. In the event a final injunction is not awarded, a compulsory ongoing royalty; and

9. Such other and further relied as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: August 21, 2012         Respectfully submitted,

LEXINGTON LUMINANCE LLC,
By its attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com