IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEXINGTON LUMINANCE LLC | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No.  1:12-cv-11554-WGY |
| FEIT ELECTRIC COMPANY, INC. | § § | JURY DEMANDED |
| *Defendant*. | § § § | |

**AMENDED JOINT FED. R. CIV. P. RULE 26(f) SCHEDULING REPORT**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") and Defendant Feit Electric Company, Inc. ("Feit" or "Defendant") conferred on November 16, 2012 concerning discovery and scheduling matters and submitted a Rule 26(f) Joint Scheduling Report ("Report") on the same date. (Dkt. No. 14.)  On November 19, 2012, the Court ordered the parties to resubmit the Report with a proposed schedule that included a December 2013 trial date. (Dkt. No. 17.)  The parties hereby submit this Amended Report pursuant to the Court's order.

**PROPOSED DISCOVERY MATTERS**

1.   Phased Discovery:  The parties do not request that discovery be conducted in phases or any other limitation on discovery.

2.   Scope of Discovery:  Subjects on which discovery will be needed include: (a) Lexington's claim of infringement of U.S. Patent No. 6,936,851 ("the '851 patent"); (b) the amount and nature of damages to which Lexington may be entitled; (c) Feit's defense (and counterclaim for declaratory judgment) that the '851 patent is not infringed; (d) Feit's defense (and counterclaim for declaratory judgment) that the '851 patent is invalid; (e) Feit's affirmative defenses; and (f) facts relevant to whether this is an "exceptional case" under 35 U.S.C. § 285

such that the prevailing party may be awarded reasonable attorneys' fees. Lexington seeks discovery on all of Defendant's LED lighting products. Feit reserves all objections to the scope of Lexington's discovery with regards to non-accused LED lighting products.

3. Limitations on Discovery: Rule 26.1(c) of the Local Rules of the United States District Court for the District of Massachusetts shall control the limitations on discovery.

4. Service of Documents: The parties agree that communications between and among them, including correspondence, notifications required by any protective order, and service of documents filed under seal, will occur by email, and that service by email shall be treated as service by hand such that three extra days shall not be added for purposes of determining the due date for a response.

5. Electronically Stored Information (ESI): The parties shall confer and cooperate with each other to set reasonable limits on the amount of ESI to be produced.

6. Confidentiality: The parties are currently negotiating the terms of a Protective Order. The Court shall decide whether to authorize filings under seal at the parties' requests, as issues arise.

## **PROPOSED SCHEDULE**

7. The parties request the following schedule:

| | | |
|---|---|---|
| a. | Plaintiff's Preliminary Infringement Disclosures | 11/21/12 |
| b. | Rule 26 Disclosures | 11/21/12 |
| c. | Defendant's Preliminary Invalidity and Non-Infringement Disclosures | 1/18/13 |
| d. | Identification of Claim Terms to be Construed | 3/4/13 |
| e. | Exchange of Claim Construction Briefs and Evidence | 3/25/13 |
| f. | Exchange of Claim Construction Reply Briefs | 4/8/13 |
| g. | Joint Claim Construction and Prehearing Statement | 4/22/13 |
| h. | Deadline for adding parties or to amend the pleadings | 2/28/13 |
| i. | Amendment/Supplementation of Plaintiff's Infringement Disclosures and Defendant's Invalidity and Non-Infringement Disclosures | 4/5/13 |
| j. | Exchange of Tutorials | 4/29/13 |
| k. | Markman (Claim Construction) Hearing | After 4/29/13 at the Court's convenience |
| l. | Fact Discovery Cut-Off Date | 6/21/13 |
| m. | Initial Expert Reports Due | 6/28/13 |
| n. | Rebuttal Expert Reports Due | 7/29/13 |
| o. | Expert Discovery Cut-Off Date | 8/12/13 |
| p. | Final Motion Cut-Off Date | 8/19/13 |
| q. | ADR Completion | 5/3/13 |
| r. | Final Pre-Trial Conference | November 2013 |
| s. | Trial | December 2013 |

**TRIAL BY MAGISTRATE**

8. The parties decline to consent to trial by a magistrate judge.

**CERTIFICATIONS PURSUANT TO L.R. 16.1(D)(3)**

9. The parties will separately file the certifications required by Local Rule 16.1(D)(3) on or before the date of the initial scheduling conference.

DATED: November 19, 2012                 Respectfully submitted,

                                                  **LEXINGTON LUMINANCE LLC**,
By its attorneys,

/s/*Robert D. Katz*
David S. Godkin  (BBO#196530)
Anne Marie Longobucco (BBO#649299)
BIRNBAUM &GODKIN LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com

Robert D. Katz (TX# 24057936)
KATZ PLLC
6060 N. Central Expressway, Suite 570
Dallas, TX 75206
214-865-8000
rkatz@katzlawpllc.com

**FEIT ELECTRIC COMPANY, INC.**,
By its attorneys,

/s/*U. Gwyn Williams*
U. Gwyn Williams (BBO #565818)
LATHAM &WATKINS LLP
John Hancock Tower, 20th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 880-4512
Fax: (617) 948-6001
gwyn.williams@lw.com

        Lawrence J. Gotts VA# 25337
        LATHAM &WATKINS LLP
        555 Eleventh Street, NW
        Suite 1000
        Washington, DC 20004-1304
        Telephone: (202) 637-2200
        Fax: (202) 637-2201
        larry.gotts@lw.com

        Ryan Owens CA# 269370
        LATHAM &WATKINS LLP
        650 Town Center Drive, 20th Floor
        Costa Mesa, CA 92626-1925
        Telephone: (714) 540-1235
        Fax: (714) 755-8290
        ryan.owens@lw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

        /s/*Robert D. Katz*
        Robert D. Katz