IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LEXINGTON LUMINANCE LLC** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | No. 1:12-cv-11554-WGY | |
| § | | |
| **FEIT ELECTRIC COMPANY, INC.** § | JURY DEMANDED | |
| § | | |
| *Defendant.* § | | |
| § | | |

AGREED UPON PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") and Defendant Feit Electric Company, Inc. ("Feit" or "Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Upon Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **Proceedings and Information Governed.** This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P."). This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action or who voluntarily produce

documents in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2.  **Designation and Maintenance of Documents and Information**.

   A.  "Confidential Information" designation means that the document contains trade secrets or commercial, financial, or technical information not publicly known, which trade secrets or commercial, financial, or technical information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

   B.  The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, sales, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

   C.  "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.  **Documents Produced in Discovery and Depositions.**

    **A.**  Documents and things produced during the course of this litigation within the scope of paragraph 2(A) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

    **CONFIDENTIAL INFORMATION**
    **SUBJECT TO PROTECTIVE ORDER**

    Documents and things produced during the course of this litigation within the scope of paragraph 2(B) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

    **HIGHLY CONFIDENTIAL INFORMATION**
    **SUBJECT TO PROTECTIVE ORDER**

    For digital files being produced, the producing party may mark the medium, container, or communication in which the digital files are contained.

    **B.  Depositions**

    (i)  For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

    (ii)  If no such designation is made at the time of the deposition, any party has fourteen (14) calendar days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the

transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."

(iii)   During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

(iv)   Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v)   If no such designation is made at the deposition or within the fourteen (14) calendar day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

**4.   Inadvertent Failure to Designate.**

**A.**   The inadvertent failure to designate documents as ""Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

4

**B.** In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation. The receiving party will take good faith, reasonable measures to collect any late designated documents from those that are not allowed access to these documents under the late designation.

5. **Challenges to Designations.**

A party's designation of documents "Confidential Information" or "Highly Confidential Information" is not binding if the procedures below are followed:

**A.** A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) calendar days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

**B.** If the parties are unable to reach agreement after the expiration of this fourteen (14) calendar day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

**C.** Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

6. **Disclosure and Use of Confidential Information.**

**A.** Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any

5

circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

**B.** Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** two employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; **(b)** two in-house counsel who are identified by the receiving party; **(c)** outside counsel of record for the receiving party; **(d)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(e)** experts or consultants subject to paragraph 6(D) below; and **(f)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**C.** Subject to paragraph 9 below, "Highly Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** outside counsel of record for the receiving party; **(b)** supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; **(c)** experts or consultants subject to paragraph 6(D) below; **(d)** those individuals designated in paragraph 6(F)(c) below; and **(e)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have seven (7) calendar days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) calendar days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the seven (7) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**E.** Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**F.** "Confidential Information" or "Highly Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if:* **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the

7

person. In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

7. **Non-Party Information**.

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

8. **Filing Documents With the Court**.

If any party wishes to submit Confidential Information to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

[ case caption]

This envelope, which is being filed under seal,
contains documents that are subject to a **Protective Order**
governing the use of confidential discovery material.

9. **No Prejudice**.

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will *not*: (a) operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary

8

information; **(b)** prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

10. **Application to nonparties.**

A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate Produced Materials as "Confidential Information" or "Highly Confidential Information" in the same manner as provided in Paragraph 3 herein and such designated "Confidential Information" or "Highly Confidential Information" shall receive the same level of protection under this Protective Order.

11. **Limitations on expert discovery.**

Consistent with Fed. R. Civ. P. 26(b)(4)(B), testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, or outlines for draft reports are also exempt from production and discovery. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions or other materials to a testifying expert, who relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. Except as provided by Fed. R. Civ. P. 26(b)(4)(C), no conversations or communications between counsel and any testifying or consulting expert will be subject to discovery. However, any materials provided by counsel to a testifying expert and subsequently

relied upon by the testifying expert in formulating his or her final report, or trial or deposition testimony, or any opinion in this case shall be discoverable. Materials, communications and other information exempt from discovery under this Paragraph 11 shall be treated as attorney-work product for the purposes of this action and Protective Order.

12. **Attorney-Client Privilege and Work Product.**

Nothing in this Protective Order shall require production of information that is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity, is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right, or immunity. Likewise, the inadvertent or unintentional production of information without an appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claimed protection of the confidential nature of any such information. Any party that inadvertently or unintentionally produces materials protected by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right, or immunity, may obtain the return of those materials by notifying the other party in writing within ten (10) calendar days of learning of the inadvertent disclosure. The party receiving such a notification shall gather and promptly return all copies of the material identified as having been inadvertently produced, except for any pages containing privileged markings, which pages shall instead be destroyed. Return of the information or material shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an

order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production. The party returning or destroying inadvertently produced materials shall certify in writing that all copies of the materials identified as having been inadvertently produced have been returned and/or destroyed. This Protective Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver as to any party or third party.

13. **Prosecution Bar.**

Absent written consent from the Producing Party, any individual (except an expert properly designated under 6(D) above) who receives access to "HIGHLY CONFIDENTIAL" information shall not be involved in the prosecution of patents or patent applications relating to light-emitting diodes, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to or claiming priority, in whole or in part, from the patent asserted in this action or containing overlapping subject matter therewith, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue, protest, ex parte reexamination, post grant review, or inter partes review) and does not include representing a party in response to a challenge of a patent by another before a domestic or foreign agency (including, but not limited to protest, ex parte reexamination, post grant review, or inter partes review). This Prosecution Bar shall begin when access to "HIGHLY

CONFIDENTIAL" information is first received by the affected individual and shall end one (1) year after final termination of this action.

14. **Conclusion of Litigation.**

Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, depositions, expert reports, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

15. **Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. **Remedies.**

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

17. **Relief from Protective Order.**

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

18. **Jurisdiction.**

At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Protective Order.

19. *Nothing shall be filed in Court pursuant to the terms of this order.*

Signed this 22nd day of January, 2012.

*William G. Young*
United States District Judge

13